UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Angela Grooms, Individually and ) | Civil Action No.: 4:13-cv-2356-RBH |
| as Personal Representative of the ) | |
| Estate of Debbie Knotts, ) | |
| (Deceased), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Globe Life and Accident Insurance ) | |
| Company, a/k/a Globe Life ) | |
| Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's [Docket Entry #44] motion for summary judgment. Plaintiff seeks an order precluding the Defendant from raising the defense of fraudulent misrepresentation. Plaintiff argues that there is no evidence in the record to support Defendant's allegation that the deceased "knew," at the time she completed her policy application, that she had cancer or a chronic illness or condition that may require periodic treatment or surgery. For the reasons stated below, Plaintiff's motion is denied.

**Factual Background**

On January 10, 2011, Debbie Knotts reported to the Little River Medical Center complaining of a lump on her right breast. The medical record indicates Ms. Knotts found the lump sometime after Thanksgiving. [Docket Entry 48-1, at 2, Little River Medical Center record]. Little River Medical Center did not offer a definitive diagnosis but referred Ms. Knotts to Conway Hospital for an ultrasound of the breast on January 14, 2011.

1

On January 11, 2011, Ms. Knotts applied online for a life insurance policy with Defendant, Globe Life and Accident Insurance Company (hereinafter "Globe"). The online policy application consisted of four questions including: a) "In the past 3 years, has the Proposed Insured had or been treated for . . .cancer . . .?;" and b) "Does the Proposed Insured have any chronic illness or condition which requires periodic medical care or may require future surgery?" Ms. Knotts responded "No" to both questions. [Docket Entry #44-6, Policy application].

On January 12, 2011, a representative from Globe contacted Ms. Knotts to conduct a telephone interview. During the interview, Ms. Knotts was asked, "Do you have any growths that have been checked or should have been checked by a doctor?" Ms. Knotts answered "No." [Docket Entry #48-2, Recorded telephone interview].

Globe issued the life insurance policy to Ms. Knotts effective January 13, 2011, in the amount of $50,000.00. [Docket Entry #44-8, Policy certificate].

On January 14, 2011, Ms. Knotts had an ultrasound of the breast, which revealed a "3 cm solid mass within the right breast." [Docket Entry #44-3, Conway Medical Center record]. A biopsy was performed on January 17, 2011, at Georgetown Hospital System and confirmed that Ms. Knotts had a "malignant neoplasm most consistent with infiltrating mammary carcinoma" or breast cancer. [Docket Entry #44-5, Georgetown Hospital System pathology report].

According to an affidavit submitted by Angela Grooms,[1] Ms. Knotts was informed that she

---

[1] Angela Grooms is Debbie Knotts' sister and personal representative of the estate of Debbie Knotts. Ms. Grooms accompanied Ms. Knotts to several doctor's appointments related to her diagnosis including the January 21, 2011 appointment during which Ms. Knotts learned of her cancer diagnosis.

had breast cancer on January 21, 2011, during an appointment with Dr. Craig Brackett.[2] [Docket Entry #44-10, Affidavit of Angela Grooms].

Debbie Knotts passed away on September 10, 2011, from acute cardiopulmonary arrest and breast cancer. [Docket Entry #44-4, Death certificate]. On September 22, 2011, Angela Grooms submitted a claim for benefits on the Globe life insurance policy.

Globe denied Ms. Grooms' life insurance claim in a letter dated November 10, 2011, stating that "[i]f the Company had been aware of Debbie L. Knotts' medical history at the time of the application, we would have been unable to approve her for coverage under this policy." [Docket Entry #44-7, Denial letter]. Accordingly, Globe rescinded the policy and refunded all premiums paid. This lawsuit followed.

In her Amended Complaint, Plaintiff alleges claims for: 1) bad faith denial of insurance benefits; 2) attorneys' fees based on unreasonable denial of insurance benefits; 3) breach of contract and breach of implied covenant of good faith and fair dealing; 4) breach of contract accompanied by fraudulent act; 5) negligent misrepresentation; and 6) violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a). [Docket Entry #18, Amended Complaint]. Defendant Globe responded raising several defenses including that Debbie Knotts intentionally or fraudulently misrepresented her medical condition during the application and enrollment process. [Docket Entry #19, Answer to Amended Complaint].

Plaintiff moves for summary judgment on the issue of fraudulent misrepresentation arguing, in essence, that Ms. Knotts could not have misrepresented her medical history or condition because

---

[2] Dr. Brackett noted that Ms. Knotts had a family history of breast cancer with two maternal aunts and one paternal cousin with breast cancer. [Docket Entry #44-2, Coastal Carolina Breast Center record].

she did not know she had cancer until she received the official cancer diagnosis on January 21, 2011, approximately 10 days after she applied for the life insurance policy.

## Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue

for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

In order to void an insurance policy on the ground of fraudulent misrepresentation, the insurer must show, by clear and convincing evidence, that: 1) the statement was false; 2) the applicant knew the statement was false; 3) the statement was material; 4) the insurer relied on the statement; and 5) the statement was made with the intent to defraud the insurer. *Strickland v. Prudential Ins. Co. of Am.*, 292 S.E.2d 301, 304 (S.C. 1982). Plaintiff argues that summary judgment on the issue of fraudulent misrepresentation is proper because there is no evidence to suggest that Debbie Knotts knew she had cancer or a chronic condition at the time she completed her policy application.

There is, however, circumstantial evidence creating a genuine issue of material fact as to whether Knotts fraudulently misrepresented her medical condition at the time of her application. Although Ms. Knotts did not receive a definitive cancer diagnosis until January 21, 2011, ten days after her policy application, she <u>did</u> seek treatment for a lump on her breast the day before she applied for the life insurance policy. Viewing the evidence in the light most favorable to Globe, the proximity between Knotts' initial treatment for the lump on her breast and her application for life insurance the following day, coupled with her family history of breast cancer, is evidence from which a reasonable juror could conclude that Ms. Knotts knew she had cancer or a chronic condition at the time she completed her policy application. It is a disputed question of fact and simply cannot be said at this point, as a matter of law, that Ms. Knotts did not intentionally misrepresent her medical history when she denied having cancer or a chronic condition in her policy application.

## Conclusion

For the reasons stated above, Plaintiff's [Docket Entry #44] motion for summary judgment is **DENIED**.

IT IS SO ORDERED.


November 3, 2014                                             s/ R. Bryan Harwell
Florence, South Carolina                                     R. Bryan Harwell
                                                             United States District Judge